IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

STATE FARM MUTUAL AUTOMOBILE                                    PLAINTIFF
INSURANCE COMPANY

vs.                                            Civil Action No. 4:26-CV-25-GHD-JMV

JOHN CARPENTER; ORA CARPENTER;
and BRITTNEY CARPENTER                                         DEFENDANTS

### ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

Presently before the Court is the Plaintiff's motion for default judgment against the Defendants [10]. Upon due consideration, the Court finds that the motion should be granted.

On February 26, 2026, the Plaintiff filed a complaint against the Defendants, solely seeking a declaratory judgment regarding insurance coverage [1]. The three Defendants were served with process on April 21, 2026, but have failed to plead or otherwise defend this action [3, 4, 5]. Accordingly, upon motion by the Plaintiff, the Clerk of Court made an Entry of Default on May 8, 2026 [9] against the three Defendants. The Plaintiff has now filed the present motion seeking to have the Court enter a default judgment in its favor as to the three Defendants [10], to which the Defendants have failed to respond.

Rule 55 of the Federal Rules of Civil Procedure sets forth the conditions upon which default may be entered against a party, as well as the procedure to seek the entry of default judgment. Fed. R. Civ. P. 55. "The Fifth Circuit requires a three-step process for securing a default judgment." *Chevron Intell. Prop., L.L.C. v. Mashiana*, No. 4:10–CV–352, 2011 WL 2637372, at *1 (E.D. Tex. June 10, 2011) (citing *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir.1996)). A default occurs when the defendant fails to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. *Id.* (citing Fed. R. Civ. P. 55(a);

*New York Life Ins.*, 84 F.3d at 141). The clerk may then enter an entry of default when default is established by affidavit. *Id.* (*citing* Fed. R. Civ. P. 55(a); *New York Life Ins.*, 84 F.3d at 141). After an entry of default, the plaintiff may seek a default judgment. *Id.* (*citing* Fed. R. Civ. P. 55(b)). The Plaintiff has satisfied these requirements in relation to the three Defendants.

Because the Defendants have failed to timely answer or otherwise plead in the instant litigation, the well-pleaded allegations in the Complaint are taken as admitted. *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *CENTRIA v. Alply Architectural Bldg. Sys., LLC*, No. 4:11–CV–79–CWR–LRA, 2012 WL 73235, at \*4 (S.D. Miss. Jan. 10, 2012) (citation omitted). The Court shall therefore grant the Plaintiff's motion for default judgment in this matter.

THEREFORE, it is hereby ORDERED that the Plaintiff's Motion for Default Judgment [10] is GRANTED. It is further ORDERED that:

(1)    the Court issues a DECLARATION that Kenneth Carpenter was not a resident of the home of Defendants John Carpenter, Sr. and Ora Carpenter on June 21, 2025;

(2)    the Plaintiff State Farm Mutual Automobile Insurance Company is RELEASED from any obligation to provide UM/UIM insurance coverage for the subject June 21, 2025, accident described in the Plaintiff's Complaint; and

(3)    this case is CLOSED.

SO ORDERED, this, __9th__ day of June, 2026.

_____
SENIOR U.S. DISTRICT JUDGE

2